IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ERICA N. SMITHSON                                                                              PLAINTIFF

V.                                            NO. 13-3038

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Erica N. Smithson, beings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed her applications for DIB and SSI on October 12, 2010, alleging disability since September 15, 2010, due to stroke, vision loss/vision field defects, and cerebral venous thrombosis (blood clot). (Tr. 120-131, 170, 202). An administrative hearing was held on December 9, 2011, at which Plaintiff appeared with counsel, and she and her roommate testified. (Tr. 29-57).

By written decision dated January 13, 2012, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe - cortical venous thrombosis, cerebrovascular accident (CVA), vision problems, and migraines. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift/carry 10 pounds occasionally, lift/carry less than 10 pounds frequently, sit for 6 hours during an 8-hour workday, stand/walk for 2 hours during an 8-hour workday, and occasionally climb, balance, crawl, kneel, stoop, and crouch. The claimant must avoid all exposure to hazards such as working at unprotected heights and around dangerous moving machinery. She is unable to perform work requiring excellent vision but can see well enough to avoid normal workplace hazards and distinguish shapes and colors of small objects like nuts, bolts, and screws. The claimant is unable to perform work that requires reading print smaller than that normally found in children's books or any work that requires driving.

(Tr. 13). With the help of a vocational expert (VE) the ALJ determined Plaintiff was not able to perform her past relevant work, but that there were other jobs Plaintiff would be able to perform, such as fishing reel assembler, shoe buckle lacer, and telephone order clerk. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional medical records and denied the request on January 14, 2013. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

The Court first notes that on June 18, 2012, after the ALJ's decision, an MRI of Plaintiff's brain with and without contrast was conducted. (Tr. 635). This record was considered by the Appeals Council, but was obviously not before the ALJ when he made his decision. When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However,

once it is clear that the Appeals Council considered the new evidence, then the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the undersigned has endeavored to perform this function with respect to the newly submitted evidence.

    The impression of the June 18, 2012 MRI is as follows:

> A 4.2 greatest diameter cm focus of altered signal intensity and abnormal diffusion is identified in the right posterior occipital area, exact significance and etiology uncertain. Neurology/neurosurgical consultation is recommended.

(Tr. 635). In a June 8, 2011 letter to Dr. Michael W. Morse, of Neurological Associates from Dr. Bruce A. Evans, of the Department of Neurology at the Mayo Clinic, Dr. Evans indicated that there was a right occipital lesion on the MRI scan, and reported that without the development of new appropriate focal symptoms, he would suggest rescanning in a year on the same scanner that the original scan was done on and if it did not show any progression, he would simply monitor it at increasing intervals. "I would not consider any kind of biopsy unless the lesion showed clear increase in size or mass effect in the future." (Tr. 585). The Court is unable to find any previous MRI that was taken of Plaintiff's brain which reflected the size of the "diameter cm focus of altered signal intensity," and is therefore unable to determine whether, as noted by Dr. Evans, there has been any progression of the lesion. Accordingly, after factoring in the additional evidence submitted to the Appeals Council, the undersigned believes that had the ALJ had it before him, he might have decided the case differently, or at least would have

obtained an opinion from a neurologist regarding the results of the June, 2012 MRI. Therefore, this matter should be remanded to the ALJ in order for him to obtain an opinion from an examining neurologist regarding the most recent MRI, and then to re-evaluate Plaintiff's RFC. In addition, upon remand, the Court directs the ALJ to more carefully discuss whether Plaintiff's vision impairments meet or equal a Listing.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 7th day of May, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE